Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6389 | **DATE** | 10/20/2011 |
| **CASE TITLE** | Tyrone Hines (K-77115) vs. James F Martin | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, and even when liberally construing the *pro se* complaint, Plaintiff has failed to state a valid federal claim for relief. Therefore, the instant action is dismissed. All pending motions are stricken as moot. Civil case terminated.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    This matter is before the court on Plaintiff Tyrone Hines' (Hines) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Pursuant to 28 U.S.C. § 1915, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . ." *Id*

    Hines brought the instant action under 42 U.S.C. § 1983 (Section 1983) for alleged constitutional violations. Hines alleges that in 2007 he underwent some type of medical procedure and that he suffers from certain physical ailments and symptoms. Hines contends that he applied for "supplemental security income" and that the request was denied on February 14, 2008. (Compl. 4). Hines seeks as relief "total pass and future [sic] payments plus all court fees paid for." (Compl. 6). Since Hines is proceeding *pro se*, the court has liberally construed his complaint. However, Hines has failed to allege facts to plausibly suggest a constitutional violation. In addition, Hines has not provided any information concerning the alleged denial of his claim for social security benefits other than the date of denial and thus the court cannot even ascertain, for example, whether an appeal has already been resolved in regard to the alleged denial. To the extent that Hines is attempting to appeal a final decision by the Commissioner of

| STATEMENT |
|---|
| Social Security, such an appeal generally must be made within 60 days. 42 U.S.C. § 405(g). Hines alleges that the denial occurred in 2008 and has not alleged any facts that would plausibly suggest that his filing in September 2011 is timely or that there was a valid basis for such a late filing. Since Hines is proceeding *pro se*, the court has liberally construed his complaint. Even when liberally construing the *pro se* complaint, Hines has failed to state a valid federal claim for relief. Therefore, the instant action is dismissed. All pending motions are stricken as moot. |